**IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **ANDREW D. DUNAVANT, JR., and MARY F. DUNAVANT, individuals,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**SIROTE AND PERMUTT, PC.**<br><br>**Defendant.** | **Civil Action Number:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

**COME NOW** Plaintiffs Andrew D. Dunavant, Jr., and Mary F. Dunavant, and file herewith their Complaint as follows:

## STATEMENT OF FACTS ALLEGATIONS AND THE PARTIES

1. Plaintiff Andrew D. Dunavant, Jr. is an adult resident of Baldwin County, Alabama over the age of nineteen (19) years and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

2. Plaintiff Mary F. Dunavant is an adult resident of Baldwin County, Alabama over the age of nineteen (19) years and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

3. Defendant Sirote & Permutt PC, is an Alabama Corporation and a collection agency operating in Alabama with its principal place of business in Jefferson County, Alabama, and offices throughout the state of Alabama and is therefore a "debt collector" who regularly collects debts in the course of their business as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5. The unlawful debt collection about which the Plaintiffs complain were committed in Baldwin County, Alabama.

6. Venue is proper in the Southern District of Alabama as plaintiffs reside in Baldwin County, Alabama, defendants are conducting business in Baldwin County, Alabama, the subject property is located in Baldwin County, Alabama and the wrongs complained of occurred in Baldwin County, Alabama.

## STATEMENT OF THE FACTS

7. Plaintiffs, who are husband and wife, incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Specifically they executed a mortgage in favor of Washington Mutual in October 1997.

8. Plaintiffs refinanced the Subject Property with Defendant USAA Savings Bank in December 2007 for $415,000 to lower their monthly payments. Plaintiffs' monthly payment was $3,461.00 made payable to USAA.

9. When refinanced with USAA Savings Bank, the subject mortgage became a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. GMAC is the loan servicer for USAA Savings Bank.

11. In April 2009, Plaintiffs became one full month behind on their mortgage and applied for a loan modification with USAA. Said modification was denied allegedly because they had not demonstrated that they were unable to make the payments.

12. In April 2010, Plaintiffs reapplied for loan modification.

13. In June 2010, Plaintiffs submitted the second loan modification to USAA, although USAA claimed to have had no record of it.

14. Plaintiffs continued making their regular house payment, but the same were returned to them by the servicer.

15. In September 2010, the Plaintiffs received a letter stating that the mortgage was in default, and the loan was being accelerated, and Defendants were proceeding with foreclosure.

16. A loan modification was offered in January 2011, and Plaintiffs were given 15 days to approve same or it would be rescinded. The modification offered to lower payments of $160 per month, but only by increasing the principal balance by $18,000 dollars. The Plaintiff's refused the same, and made a counter-offer.

17. The servicer explained that they didn't accept counter-offers, and proceeded to start the foreclosure process again.

18. Plaintiffs received a renewed foreclosure letter in February of 2011, and hired counsel to defend.

19. Plaintiffs began their third modification attempt in February 2011. No response has been received on this loan modification.

20. For the past two years, Plaintiffs mortgage payments have been refused by their servicer.

21. A Preliminary Injunction was entered by the Baldwin County Circuit Court on March 23, 2012 enjoining GMAC from taking any further actions toward foreclosing on the Plaintiff's property. Said Order is attached and incorporated herein as Exhibit "A".

22. Following the order enjoining GMAC from taking any action toward foreclosure, GMAC, through their agent Sirote and Permutt once again, began publication of a foreclosure notice in the "Onlooker Newspaper," a Baldwin County, Alabama local publication, on May 18, 2012.

23. Prior to the foreclose notice running in the Onlooker, Plaintiffs entered into a purchase option contract to lease and eventually sell the property that is the subject matter of this suit on February 1, 2011 to a third party.

24. Said sale of the subject matter property would have, had it been completed, mitigated most of the Plaintiffs' damages in his state court action, on January 1, 2013.

25. Defendant GMAC was put on notice of this contract at the injunction hearing before this Court in March of 2012.

26. This Court enjoined Defendant GMAC from taking any foreclosure actions against the Plaintiff's property on March 23, 2012.

27. Defendant GMAC, through their agent, Sirote and Permutt, violated the Court's injunction, and published a foreclosure notice in the Onlooker on April 17 & May 18, 2012. Attached as Exhibit "B."

28. All of the above-described collection communications and efforts made to Plaintiffs by Defendant Sirote and Permutt and other collection employees employed by Defendant Sirote and Permutt and/or GMAC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(5), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

29. The third party who was under contract to purchase the subject property was made aware of the foreclosure notice by a perspective buyer who came to the subject matter property and asked to "inspect" the residence, explaining that he intended to bid for it at the foreclosure auction noticed in the paper.

30. The third party contacted the Plaintiffs multiple times inquiring about the foreclosure, and went so far as to hire counsel, and threaten suit against Plaintiffs' for breach of the purchase option contract.

31. The third party finally backed out of the sale, and moved from the subject property, leaving Plaintiffs without a mitigating sale.

32. All of the above-detailed conduct by the Defendant in harassing the Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion.

33. Plaintiffs have suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst

other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

34. These illegal and abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of both Plaintiffs and caused them unnecessary personal strain in their relationship with each other, as well as with other family members.

35. Plaintiff's suffered harm as such.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The foregoing acts and omissions of the Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

3. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY

### REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

4. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

5. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

6. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

7. Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

8. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff's, namely, by repeatedly and unlawfully contacting third parties about this debt by falsely advertising the foreclosure, and thereby invaded Plaintiff's right to financial privacy.

9. Defendant and their agents intentionally and/or negligently caused emotional harm to Plaintiffs' by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' rights to privacy.

10. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

11. The conduct of the Defendant and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

12. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and
- for such other and further relief as may be just and proper.

Dated: May 17, 2013

Respectfully Submitted,

/s/ D. W. Grimsley Jr.
D. W. GRIMSLEY JR. (GRI056)
Attorney for Plaintiffs

OF COUNSEL:
D.W. GRIMSLEY JR., PC
21 South Section Street
Fairhope, Alabama 36532
Phone: 251-424-5131
Fax: 251-990-0626
Email: bubbagrimsley@me.com

/s/ David A. Horton
David A. Horton (HOR6147)
Attorney for the Plaintiffs

OF COUNSEL:
DAVID A. HORTON
811 Daphne Ave.
Daphne, AL 36526
(251) 626-0269
e-fax: (888)890-4389
david@dahlegal.com

/s/ Rhonda Steadman Hood
Rhonda Steadman Hood

/s/ Ken G. Lay
Ken G. Lay
Attorneys for the Plaintiffs

OF COUNSEL:
HOOD AND LAY, LLC
1117 22nd Street South
Birmingham, AL. 35205
Phone: 205-323-4123
Fax: 205-776-2040

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a struck jury for the trial of this case.

/s/ Darrell W. Grimsley Jr.

/s/ David A. Horton

Attorneys for Plaintiffs

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**SIROTE & PERMUTT, P.C.**
**c/o John H. Cooper or David L. Whitson**
**2311 Highland Avenue S**
**Birmingham, AL 35205**

ELECTRONICALLY FILED
4/2/2012 1:51 PM
CV-2011-900691.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

| | | |
|---|---|---|
| DUNAVANT ANDREW D,<br>DUNAVANT MARY F,<br>Plaintiffs, | ) | |
| V. | ) | Case No.: CV-2011-900691.00 |
| USAA FEDERAL SAVINGS BANK,<br>GMAC MORTGAGE, LLC,<br>Defendants. | ) | |

**ORDER**

This case coming to be heard on March 23, 2012, pursuant to Plaintiffs' Motion for Temporary Restraining Order, the Court having heard oral argument from both Plaintiffs' and Defendants' counsel, and considering all evidence presented therein finds: This action arises from Plaintiffs' dispute as to the Defendants' application of mortgage payments and the Defendants' recoupment of lender-placed property insurance for Plaintiffs' insurer's cancellation of "wind and hail" coverage for the property located in Baldwin County. Plaintiffs initiated this action in 2011. On or about February 7, 2011, Defendants began foreclosure on the Plaintiffs' property. Plaintiffs seek a temporary restraining order and a preliminary injunction to preclude the foreclosure. Plaintiff argued that if the TRO was not granted, Plaintiff would suffer immediate and irreparable harm. The Court agrees. It is hereby ordered as follows:

1. Plaintiff's Motion for a Temporary Restraining Order (TRO) is GRANTED.

2. At the expiration of ten (10) days from the TRO, Defendants GMAC and USAA are ENJOINED from proceeding with any foreclosure action on the subject property during the pendency of this litigation, or until such other Order from this Court.

3. Plaintiff is ordered to pay a $2,500.00 property bond to the Clerk of Court.

**DONE this 2nd day of April, 2012.**

**/s/ CHARLES C. PARTIN**

EXHIBIT
tabbles
A

AlabamaLegals.com

**Date:** 05/19/2012
**Newspaper:** Foley Onlooker
**County:** Baldwin

**MORTGAGE FORECLOSURE SALE**

MORTGAGE FORECLOSURE SALE Default having been made in the payment of the indebtedness secured by that certain mortgage executed by Andrew D. Dunavant, Jr. andÊ Mary F Dunavant, Husband and Wife, to Mortgage Electronic Registration Systems, Inc., solely as nominee for USAA Federal Savings Bank, on the 10th day of December, 2007, said mortgage recorded in the Office of the Judge of Probate of Baldwin County, Alabama, in Instrument Number 1090998; said mortgage having subsequently been transferred and assigned to GMAC Mortgage, LLC, by instrument recorded in Instrument Number 1250633, in the aforesaid Probate Office; the undersigned GMAC Mortgage, LLC, as Mortgagee/Transferee, under and by virtue of the power of sale contained in said mortgage, will sell at public outcry to the highest bidder for cash, in front of the main entrance of the Courthouse at Bay Minette, Baldwin County, Alabama, on April 2, 2012, during the legal hours of sale, all of its right, title, and interest in and to the following described real estate, situated in Baldwin County, Alabama, to-wit: Commencing at the Southwest corner of Section 16, Township 8 South, Range 3 East, Baldwin County, Alabama; thence North 00 degrees 38 minutes 39 seconds East, 725.71 feet to the point of beginning; thence continue North 00 degrees 38 minutes 39 seconds East 593.74 feet to the South margin of an unpaved road; thence along said margin South 89 degrees 42 minutes 33 seconds East, 665.56 feet; thence South 00 degrees 38 minutes 51 seconds West, 593.74 feet; thence North 89 degrees 42 minutes 30 seconds West, 665.63 feet to the point of beginning and containing 9.07 acres, more or less. Subject to an easement for ingress and egress described as follows. Commencing at the Southwest corner of Section 16, Township 8 South, Range 3 East, Baldwin County, Alabama: thence North 00 Degrees 38 Minutes 39 Seconds East 725.71 feet to the point of beginning; thence continue North 00 Degrees 38 Minutes 39 Seconds East 593.74 feet to the South margin of an unpaved road; thence along said margin South 89 Degrees 42 Minutes 33 Seconds East 60.00 feet; thence South 00 Degrees 38 Minutes 39 Seconds West 593.74 feet, thence North 89 Degrees 42 Minutes 30 Seconds West 60.00 feet to the point of beginning. Ê Property Street Address:ÊÊÊÊÊÊÊ 8248A Benton Road, Foley, AL Ê36535 THIS PROPERTY WILL BE SOLD ON AN ÓAS IS, WHERE ISÓ BASIS, SUBJECT TO ANY EASEMENTS, ENCUMBRANCES, AND EXCEPTIONS REFLECTED IN THE MORTGAGE AND THOSE CONTAINED IN THE RECORDS OF THE OFFICE OF THE JUDGE OF PROBATE OF THE COUNTY WHERE THE ABOVE-DESCRIBED PROPERTY IS SITUATED.Ê THIS PROPERTY WILL BE SOLD WITHOUT WARRANTY OR RECOURSE, EXPRESSED OR IMPLIED AS TO TITLE, USE AND/OR ENJOYMENT AND WILL BE SOLD SUBJECT TO THE RIGHT OF REDEMPTION OF ALL PARTIES ENTITLED THERETO. This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expenses of foreclosure. The Mortgagee/Transferee reserves the right to bid for and purchase the real estate and to credit its purchase price against the expenses of sale and the indebtedness secured by the real estate. This sale is subject to postponement or cancellation. GMAC Mortgage, LLC, Mortgagee/Transferee Colleen McCullough SIROTE & PERMUTT, P.C. P. O. Box 55727 Birmingham, ALÊ 35255-5727 Attorney for Mortgagee/ Transferee www.sirote.com/foreclosures 183238 The Foley Onlooker March 2-9-16, 2012 The above mortgage foreclosure sale has been postponed until 05/07/2012 during the legal hours of sale in front of the main entrance of the courthouse in the City of Bay Minette, Baldwin County, Alabama. The Foley Onlooker April 17, 2012 The above mortgage foreclosure sale has been postponed until 07/13/2012 during the legal hours of sale in front of the main entrance of the courthouse in the City of Bay Minette, Baldwin County, Alabama. The Foley Onlooker May 18, 2012



EXHIBIT B

tabbies