IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDREW D. DUNAVANT, JR., et al.,    )
                                    )
    **Plaintiffs,**                 )
                                    )
v.                                  ) CIVIL ACTION 13-0268-WS-M
                                    )
SIROTE AND PERMUTT, P.C.,           )
                                    )
    **Defendant.**                  )

## ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 6). The parties have filed briefs and/or evidentiary materials in support of their respective positions, (Docs. 7, 12, 13), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be denied.

## BACKGROUND

According to the complaint, (Doc. 1), the plaintiffs executed a mortgage on a residence. The plaintiffs made their payments, but the lender and/or servicer refused to accept them and ultimately instituted foreclosure proceedings. The plaintiffs obtained a state court order enjoining the lender and servicer from proceeding with any foreclosure action but the defendant law firm thereafter published notice of foreclosure sale on two occasions.

The complaint asserts two causes of action: (1) for multiple violations of the Fair Debt Collection Practices Act ("the Act"); and (2) for invasion of privacy. The defendant argues that its publication of notices of foreclosure sale did not constitute debt collection activity for purposes of the Act.[1] Without a viable

---

[1] The plaintiffs argue that various letters and notices to them from the defendant constitute debt collection activity. (Doc. 12 at 12). The complaint mentions the plaintiffs' receipt of two letters, one in September 2010 and another in February 2011,

federal claim, the defendant urges the Court not to retain supplemental jurisdiction over the state claim.[2]

The complaint alleges violations of 15 U.S.C. §§ 1692b(1), 1692b(5), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f. (Doc. 1 at 4-5). Each of these statutes regulates the conduct of any "debt collector." This term is defined to mean, in general, one who uses the mails or any instrumentality of interstate commerce in a business the principal purpose of which is to collect debts, or who regularly collects or attempts to collect debts owed another. 15 U.S.C. § 1692a(6). The defendant assumes for purposes of argument only that it is a debt collector within this statutory definition. (Doc. 7 at 5; Doc. 13 at 1-2).

Just as the Act governs only debt collectors, it governs only "debt collection activities." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010); *accord Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 n.3 (11th Cir. 2012); *id*. at 1216 (the complaint must allege that "the challenged conduct is related to debt collection"). The defendant argues that its publications of notice of foreclosure sale were only efforts to enforce a security

---

but it does not attribute them to the defendant and instead indicates they came from "other collection employees employed by" the lender. (Doc. 1 at 3, 4). Moreover, the only letter from the defendant that the plaintiffs attach to their brief dates from February 2012. Accordingly, the Court concludes that, absent proper amendment to add one, no claim based on correspondence from the defendant is part of this lawsuit.

[2] In discussing privacy, the complaint mentions the Act and the Gramm-Leach-Bliley Act. (Doc. 1 at 6). As it has when faced with similar allegations, "[t]he Court construes Count Two's references to the Act and to the Gramm-Leach-Bliley Act as intended only to point out a federal acknowledgement that debtors have privacy rights, not as an assertion that a federal cause of action for invasion of privacy exists or is pressed." *Samuels v. Midland Funding, LLC*, 921 F. Supp. 2d 1321, 1334 n. 22 (S.D. Ala. 2013). Moreover, as the defendant points out, (Doc. 7 at 4 n.2), the complaint asserts supplemental jurisdiction over "pendent state law claims." (Doc. 1 at 2). Accordingly, the Court concludes that, absent proper amendment to add one, no federal claim for invasion of privacy is part of this lawsuit.

interest and that such efforts do not constitute debt collection activity under the Act.

In *Reese*, the Eleventh Circuit held that a communication to a debtor that both demands payment of a debt under a note and gives notice of an intent to foreclose on a security interest (the mortgage) constitutes debt collection activity under the Act.  678 F.3d at 1217-18.  The Court "d[id] not reach the question of whether enforcing a security interest is itself debt-collection activity covered by the statute."  *Id*. at 1218 n.3.

The plaintiffs invoke *Reese*, but it does not answer the question presented.[3] The published notices of foreclosure sale simply announced that the property would be sold to the highest bidder due to default and for the purpose of paying the indebtedness secured by the mortgage.  (Doc. 1, Exhibit B).  The plaintiffs identify nothing in the published notices that demanded them to pay the indebtedness, and it is plain that no such demand was made therein.

In an earlier, unpublished opinion, the Eleventh Circuit answered the question left open by *Reese*.  According to this opinion, "an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property …. falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)."  *Warren v. Countrywide Home Loans, Inc*., 342 Fed. Appx. 458, 460 (11th Cir. 2009) (bracketed material in original).  The *Warren* Court noted that Section 1692a(6) defines a debt collector, for purposes of Section 1692f(6), as including one in the business of enforcing security interests, thereby "suggest[ing]" that such a person is not a debt collector for purposes of any other section.  "Thus, if a person enforcing a security interest is not a debt collector, it likewise is reasonable to conclude that enforcement of a security interest through

---

[3] Nor does *Birster v. American Home Mortgage Servicing, Inc*., 481 Fed. Appx. 579 (11th Cir. 2012), also invoked by the plaintiffs, since it likewise involved a letter to a debtor that "both attempt[ed] to enforce a security interest *and* collect a debt."  *Id*. at 583 (emphasis in original).

the foreclosure process is not debt collection for purposes of the Act." *Id*. The defendant, unsurprisingly, relies on *Warren*.

According to the defendant, *Warren* leaves the matter "settled." (Doc. 13 at 2). However, "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Construction, Inc*., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007); *accord* 11th Cir. R. 36-2.

In opposition to the defendant's motion, the plaintiff relies on *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013). In that decision, the Sixth Circuit "h[e]ld that mortgage foreclosure is debt collection under the Act," and that "[l]awyers who meet the general definition of a 'debt collector' must comply with the FDCPA." *Id*. at 464. The *Glazer* Court engaged in an extended discussion (exceeding five published pages) of the issue, including a lengthy refutation of the reasoning employed in *Warren*, and it relied on published opinions from the Third and Fourth Circuits (as well as the only appellate decision cited by *Warren*) in support of its position. *Id*. at 459-65.

Even though *Glazer* directly undercuts the persuasive value of *Warren* and the five decisions (four of them trial court) on which the *Warren* Court relied, and even though *Glazer* forms the centerpiece of the plaintiff's opposition to dismissal, the defendant's reply brief ignores its existence. (Doc. 13 at 2-3). The Court declines to perform an independent comparative evaluation of the analysis presented in these cases, or in any others speaking to the issue, when the defendant, as movant, has declined to do so itself. The Court has and expresses no opinion whether, given a full presentation by the parties, it would find the *Warren* or the *Glazer* line of cases more persuasive.

As noted, one in the business of enforcing security interests is a debt collector for purposes of Section 1692f(6), and the defendant admits it was enforcing a security interest in publishing the notices of foreclosure sale. The defendant denies that the plaintiff has asserted a claim under this section, (Doc. 7

at 9), but the complaint asserts violations of "Section 1692f," (Doc. 1 at 4, 5), which does not rule out a claim under subsection (6).

The defendant also argues that the plaintiffs "admitted the existence of the security interest at issue and their default under the mortgage, rendering any claim under 1692f(6) impossible." (Doc. 7 at 9). While the complaint acknowledges that the plaintiffs missed one payment in April 2009, it also states that they "continued making their regular house payment" and that foreclosure was not attempted until early 2012. (Doc. 1 at 2, 3). The defendant has not explained how these allegations negate the plaintiffs' ability to show that, as of early 2012, it was not in default as defined by the mortgage (which is not in evidence) and that the defendant, or the lender and/or servicer, then had "no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A).

As noted, the defendant's attack on the state claim depends on the success of its challenge to the federal claim. Since the latter fails, the former fails as well.

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 15th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE